IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REYNOLDS INNOVATIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:12-cv-00278 |
| | ) | |
| CHERYL LEE, a/k/a CHERYL L. ANDERSON-LEE, individually and d/b/a "MountainVapure.com," | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

Plaintiff Reynolds Innovations Inc. ("RII") and Defendant Cheryl Lee, a/k/a Cheryl L. Anderson-Lee, individually and d/b/a MountainVapure.com ("Defendant"), have reached a confidential agreement in settlement of the dispute between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. RII is a North Carolina corporation with a place of business at 401 North Main Street, Winston-Salem, North Carolina.

2. RII is a trademark holding company and subsidiary of R.J. Reynolds

Tobacco Company. RII is the owner of distinctive trademarks, including but not limited to trademarks consisting of the word "CAMEL," alone or in conjunction with depictions of a camel or other words, and trademarks consisting of the word "WINSTON," alone or in conjunction with design elements or other words.

3. RII, through its predecessors-in-interest and affiliates, has used the CAMEL trademarks continuously for ninety-nine (99) years in connection with tobacco products, including but not limited to cigarettes. (For convenience, and unless the context indicates otherwise, the term "Reynolds" will be used to refer collectively to RII's predecessors-in-interest and/or to RII's corporate affiliates who use the trademarks owned by RII under authority from RII.)

4. RII has registered various versions of its CAMEL marks on the Principal Register of the United States Patent and Trademark Office ("USPTO") under, *inter alia*, U.S. Trademark Registration Nos. 126,760; 1,030,232; 1,391,824; 1,502,414; and 3,211,464. All of these registrations have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "CAMEL Marks.")

5. Reynolds has used the WINSTON trademarks continuously for sixty (60) years in connection with tobacco products, including but not limited to cigarettes.

6. RII has registered various versions of its WINSTON marks on the Principal Register of the USPTO under U.S. Trademark Registration Nos. 636,355; 1,030,233;

1,742,475; 2,330,639. (For convenience, the marks shown in these registrations and their common-law counterparts are collectively referred to hereinafter as the "WINSTON Marks.")

7. As a result of many decades of continuous use and promotion of the CAMEL Marks and the WINSTON Marks, RII's CAMEL Marks and WINSTON Marks have acquired a high degree of recognition and fame throughout the United States as symbolic of the highest quality of tobacco products. The public is uniquely aware of the CAMEL Marks and the WINSTON Marks and identifies those marks with Reynolds. The CAMEL Marks and the WINSTON Marks are famous trademarks that are widely recognized by the general public as a designation of the source of Reynolds's goods.

8. Defendant Cheryl Lee, a/k/a Cheryl L. Anderson-Lee, is a resident of Fletcher, North Carolina, and owns and operates the website located at MountainVapure.com.

9. Defendant advertised, sold, and distributed flavored electronic cigarettes and/or other flavored nicotine products under or bearing the CAMEL Marks, or colorable imitations of the CAMEL Marks that are confusingly similar to the CAMEL Marks.

10. Defendant advertised, sold, and distributed flavored electronic cigarettes and/or other flavored nicotine products under or bearing the WINSTON Marks, or colorable imitations of the WINSTON Marks that are confusingly similar to the WINSTON Marks.

11. On September 7, 2012, RII commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Defendant. The Complaint alleged claims for trademark infringement, unfair competition and false designation of origin, and trademark dilution arising under sections 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125; unfair or deceptive trade practices arising under N.C. Gen. Stat. §§ 75-1 *et seq.*; and trademark infringement and unfair competition arising under the common law of the State of North Carolina.

12. The parties have agreed to resolve their dispute by the entry of this Final Judgment and Permanent Injunction on Consent, as well as by payment from Defendant to RII of a confidential amount of money.

13. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, this Court has subject matter jurisdiction over RII's claims against Defendant.

14. This Court has personal jurisdiction over Defendant because Defendant resides in this judicial district and has purposefully availed herself of the privilege of doing business in this district. Defendant owns and operates the website located at MountainVapure.com ("Defendant's Website"), which is a website that is accessible by Internet users in this district and promotes and/or offers goods to residents of North Carolina. Defendant engaged in the business of selling flavored electronic cigarettes and related products to and/or through retail stores located in North Carolina, including retail stores in this district. The infringing products that Defendant offered under the CAMEL

Marks, or colorable imitations thereof, and WINSTON Marks, or colorable imitations thereof, and sold to purchasers in the United States, have been purchased by consumers in North Carolina.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## **PERMANENT INJUNCTION AND ORDER**

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendant and her agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with her, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

   a) using, advertising, promoting, displaying, or making any use whatsoever, in connection with the advertisement, promotion, or sale of tobacco, tobacco-related products, vapor products or vapor-related products, or electronic cigarettes, of (i) the designation "CAMEL," or any colorable imitation of the CAMEL Marks; (ii) visual or graphic depictions of a camel or of camels; (iii) the designation "WINSTON," or any colorable imitation of the WINSTON Marks; and (iv) the following Reynolds trademarks or any colorable imitations thereof: BARCLAY, BELAIR, CAPRI, CARLTON,

DORAL, ECLIPSE, GPC, KOOL, LUCKY STRIKE, MISTY, MONARCH, MORE, NOW, PALL MALL, SALEM, TAREYTON, VANTAGE, and VICEROY;

b) engaging in any other activity constituting an infringement of RII's trademarks; and

c) using any false designation of origin or false representations which are likely to lead the trade, the public, or individuals to believe erroneously that Defendant is in any way sponsored, approved, authorized, or controlled by Reynolds.

2. Defendant has paid to RII, prior to the entry of this Consent Judgment, the confidential amount of money agreed upon by the parties.

3. RII and Defendant acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. RII and Defendant understand the undertakings, obligations and terms of this Consent Judgment.

4. Except as to Defendant's obligations set forth in this Consent Judgment, RII's claims against Defendant in this Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendant hereby waives all right to appeal from this Consent Judgment.

5. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court may award, (a) without

regard to proof of actual damages, an amount the Court deems adequate to compensate RII for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

**IT IS SO ORDERED.**

Signed: January 19, 2013

Martin Reidinger
United States District Judge

[SIGNATURES OF THE PARTIES APPEAR ON THE FOLLOWING PAGE]

CONSENTED AND AGREED TO BY:

PLAINTIFF:

**REYNOLDS INNOVATIONS INC.**

Signature: *Michael J Madigan*

Printed Name: Michael J. Madigan

Title: Secretary

Date: 1/2/13

DEFENDANT:

**CHERYL LEE (also known as CHERYL L. ANDERSON-LEE)**

Signature: *Cheryl Anderson Lee*

Date: 1/4/13

US2008 4165573 1